Case 7:06-cv-03156-CS   Document 1   Filed 04/25/06   Page 1 of 7

ECF CASE

ORIGINAL

FILED
U.S. DISTRICT COURT
2006 APR 25  A 9:49
S.D. OF N.Y. W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TABITHA MUNDERVILLE,

        Plaintiff,

vs.

HIGHLAND FALLS-FORT MONTGOMERY
CENTRAL SCHOOL DISTRICT, PHILLIP
ARBOLINO, sued in his individual capacity,
KEITH ABBEY, sued in his individual capacity,

        Defendants.

------------------------------------------------------------x

**COMPLAINT**

**06 CIV. 3156**

**Judge McMahon**

By and through her counsel, Michael H. Sussman, plaintiff complains of defendants as follows:

## I. PARTIES

1. Plaintiff Tabitha Munderville is a female of legal age who resides in this judicial district.

2. Defendant Highland-Falls-Fort Montgomery Central School District [HFFMCSD] is a municipal corporation organized pursuant to the laws of the State of New York. It may sue and be sued.

3. Defendant Philip Arbolino, Superintendent of Schools for HFFMCSD, is a male of legal age who resides within this judicial district.

4. Defendant Keith Abbey is a male of legal age who resides within this

judicial district.

II. **JURISDICTION**

5. As plaintiff alleges that defendants have violated her constitutional right to equal protection of the law and her First Amendment right to seek redress of grievances concerning a matter of public importance without retaliation, this Honorable Court has jurisdiction pursuant to 42 U.S.C. secs. 1983 & 1988 and 28 U.S.C. secs. 1331, 1343 (3) & (4) and 1367 with respect to the ancillary state law claims which arise out of the same nucleus of operative facts as some of the federal claims.

III. **FACTUAL ALLEGATIONS**

6. Plaintiff Tabitha Munderville was initially employed in September 2004 by defendant school district as a permanent substitute teacher and as a computer technology teacher.

7. By the end of the 2004-05 school year, plaintiff had become a tenure track English teacher at the Highland Falls Middle School [HFMS].

8. Commencing in January 2005, defendant Keith Abbey served as Dean of Students in the HFMS.

9. As such, for various manners, defendant Abbey was part of the school administration and exercised supervisory responsibility over plaintiff.

10. Specifically, defendant Abbey supervised plaintiff at lunch duty and was tasked with assigning said duties to teachers.

11. Often, beginning during the 2004-05 school year, defendant Abbey sexually harassed plaintiff by making unwelcome sexually suggestive comments to her and by invading her personal and professional space without warrant or basis. Said sexual harassment was based upon plaintiff's gender.

12. Defendant Abbey made clear to plaintiff that if she did not engage in sexual contact with him, he could take actions to make her life as a teacher in the school more difficult.

13. Plaintiff was fearful of the power defendant Abbey wielded in the school community and believed that, by exposing his conduct, she might jeopardize her career.

14. Defendant Abbey's sexually harassing conduct included repeated comments to the effect that he would help her experience things sexually which she had never experienced.

15. In the fall of 2005, in the wake of threatened lay-offs and in the context of his persistent sexual advances, defendant Abbey indicated he would put in a good word for plaintiff.

16. Plaintiff repelled defendant Abbey's sexual advances and did not

capitulate to the interest which defendant Abbey expressed in her.

17. In early December 2005, fed up with Abbey's persistent and inappropriate sexual advances, plaintiff decided to call his bluff and wrote Abbey an e-mail pretending to be sexually interested in him.

18. In response, defendant Abbey balked, apparently sharing this e-mail with school administrators.

19. Later, in December 2005, after Abbey twice publicly humiliated her in front of staff and students, plaintiff lodged a complaint of sexual harassment against Abbey with other school administrators.

20. In response, defendant school district initiated an allegedly impartial investigation into plaintiff's charges.

21. However, said investigation was anything but impartial, accepting Abbey's account of events even though plaintiff brought forth credible informaion that Abbey had engaged in the alleged conduct and similar sexual pursuit of other women outside his marriage.

22. As a consequence of the sexual harassment she was subjected to, plaintiff became anxious and distressed.

23. After reporting the sexual harassment to school authorities and in light of their unsympathetic and hostile reaction, plaintiff's medical condition

4

worsened and she became disabled from work.

24. In March 2006, in retaliation for her filing a complaint of sexual harassment, defendant Arbolino recommended that plaintiff be terminated from her probationary employment by the HFFMCSD Board of Education.

25. In late April 2006, the defendant district is expected to terminate plaintiff's employment.

26. Plaintiff's employment is being terminated despite defendant Arbolino's admission - made to plaintiff in January 2006 - that she is an excellent teacher and her highly satisfactory observations and evaluations.

27. By dint of the defendants' conduct, plaintiff has suffered tangible and intangible injuries; her pay ceased in December 2005 and she has been humiliated, embarrassed, stressed and deprived of self esteem by and through the treatment set forth above.

28. Defendants Arbolino and Abbey are state actors and engaged in the conduct set forth above despite the patent illegality of this conduct, which was clearly established at the time of their conduct.

29. Individual defendants' acts and omissions were malicious and motivated by a desire to protect Abbey and the school district from plaintiff's complaints.

IV. **CAUSES OF ACTION**

30. Plaintiff incorporates paras. 1-29 as if fully re-written herein.

31. By engaging in sexual harassment of the plaintiff, defendant Abbey violated her right to be free of gender-specific harassment as extended by the Fourteenth Amendment and as made actionable against state actors by 42 U.S.C. sec. 1983.

32. By engaging in sexual harassment of the plaintiff, defendant Abbey violated her right to be free of gender-specific harassment as extended by section 296 of the Executive Law of the State of New York, made actionable by section 297 of the Executive Law.

33. By recommending the termination of plaintiff's employment in retaliation for her protected activity - reporting in good faith a violation of the Fourteenth Amendment by one of his subordinates - defendant Arbolino violated both the Fourteenth Amendment to the United States Constitution as made actionable by 42 U.S.C. sec. 1983 and section 296 of the Executive Law of the State of New York.

34. On the basis of the sexual harassment engaged in by supervisory staff and the retaliation engaged in by defendant Arbolino because plaintiff filed a complaint of sexual harassment, the HFFMCSD is liable to plaintiff for violation

of her right to equal protection and her First Amendment right to petition for redress of her grievances with respect to a matter of public importance.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) empanel a jury to hear this matter;

b) award to plaintiff compensatory damages as against the defendants;

c) award to plaintiff and against individual defendants punitive damages;

d) award to plaintiff the reasonable attorneys fees and costs arising from this lawsuit;

e) reinstate plaintiff to her position with defendant school district, and

f) enter any other relief to which plaintiff is entitled as a matter of law and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

LAW OFFICES of MICHAEL H. SUSSMAN
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff

Dated: April 24, 2006