UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TABITHA MUNDERVILLE,

        Plaintiff,

v.

HIGHLAND FALLS-FORT MONTGOMERY
CENTRAL SCHOOL DISTRICT, PHILLIP
ARBOLINO, sued in his individual capacity,
KEITH ABBEY, sued in his individual capacity,

        Defendants.
----------------------------------------------------------------------X

Case No. 06 CV 3156 (CM)

DEFENDANTS' STATEMENT
OF UNDISPUTED MATERIAL
FACTS PURSUANT TO
LOCAL CIVIL RULE 56.1

Defendants Highland Falls-Fort Montgomery Central School District, Phillip Arbolino, sued in his individual capacity, and Keith Abbey, sued in his individual capacity, submit the following statement of undisputed material facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York and Fed. R. Civ. P. 56(d):

## STATEMENT OF FACTS

1.     Plaintiff was initially hired by the defendant school district in September 2004 as a permanent substitute teacher and computer technology teacher. Declaration of Lisa L. Shrewsberry ("Shrewsberry Decl."), Ex. A at ¶ 6. By the end of the 2004-05 school year, she had become a probationary, tenure track English teacher at the Highland Falls Middle School ("middle school"). *Id.* at ¶ 7; Ex. C at 54.

2.     Commencing in July 2005, Dr. Arbolino was the school district's Superintendent of Schools. Shrewsberry Decl., Ex. D at 6.

3.     Defendant Keith Abbey commenced employment with the middle school, as a special education teacher, in 1998. Shrewsberry Decl., Ex. E at 17. Commencing in January 2005,

defendant Keith Abbey served as Dean of Students in the middle school. Shrewsberry Decl., Ex. A, ¶ 8. Commencing in September 2005, Mr. Abbey became the school district's Athletic Director. Shrewsberry Decl., Ex. E at 7.

4.     Mr. Abbey's duties as Dean of Students were to serve as an advocate for the students, handle discipline issues pertaining to the students, serve as principal designee when the principal was out of the building and assign lunch, hall and bus duties to the teachers. Shrewsberry Decl., Ex. F; Ex. C at 58-60; Ex. E at 48-49. Mr. Abbey's role in assigning such duties consisted solely of setting a written schedule prior to the beginning of the school year for the entire school year. Shrewsberry Decl., Ex. C at 64. Mr. Abbey did not perform teacher evaluations, *Id.*, at 59; Ex.G at 15, and was employed under the teachers' contract. *Id.*, at 14. Plaintiff testified that in those instances in which a significant decision needed to be made and Principal Connors was off the premises, plaintiff would await Ms. Connors' return rather than address the issue to Mr. Abbey. Shrewsberry Decl., Ex. C at 63.

5.     Plaintiff alleges that Mr. Abbey engaged in sexual harassment of her on a number of occasions between September 2004 and early December 2005. Shrewsberry Decl., Ex. C at 67-102. Plaintiff alleges that the alleged harassment stopped after she sent him emails between November 30 and December 1, 2005. *Id.*, at 164-65. Plaintiff did not report Mr. Abbey's alleged activity to anyone in authority in the school district until she was questioned about it at a meeting on December 22, 2005. *Id.* at 67-102, 228.

6.     Plaintiff testified at her deposition that Mr. Abbey never physically touched her, *Id.*, at 113-14, and never attempted to touch her, *Id.*, at 114, and she never felt threatened that he would do so. *Id.*, at 114. Further, when asked if she ever told Mr. Abbey to stop, plaintiff testified only that

2

she expressed to Mr. Abbey her dislike of having lunch duty with him. *Id.*, at 115.

7. Mr. Abbey denies all allegations of sexual harassment. Shrewsberry Decl., Ex. E at 35-36, 47.

8. Plaintiff testified at her deposition that another teacher in whom she had confided "knew that I never really gave credence to any of Mr. Abbey's comments." Shrewsberry Decl., Ex. C at 126. Plaintiff also testified, "I never responded to or paid – you know, gave any attention to his comments hoping that he would go away." *Id.*

9. On November 29, 2005, at 12:38 p.m., plaintiff sent an email to Mr. Abbey, under the subject heading "lunch duty", stating, "Since you are so kind to me, I will be sure that Mrs. Z stops by for a nice loooong visit with you tomorrow! No longer fondly, Tabitha." Shrewsberry Decl., Ex. H. Plaintiff sent the email from her classroom in the middle school, using a computer that was the property of the school district, from her school district-issued email address, tmunderville@hffmcsd.org, to Mr. Abbey at his school district-issued email address, kabbey@hffmcsd.org. *Id.*

10. On November 29, 2005, at 12:39 p.m., plaintiff sent an email to Mr. Abbey, under the subject heading "PS", stating, "to think, I almost gave you a wonderful present that you would never forget!" Shrewsberry Decl., Ex. I. Plaintiff sent the email from her school district-issued email address to Mr. Abbey's school district email address. *Id.*

11. On November 30, 2005, at 8:37 p.m., plaintiff sent an email to Mr. Abbey, stating, "Interested in a cell phone # & a cup of coffee on Dec. 10th?" Shrewsberry Decl., Ex. J. Plaintiff sent the email from her personal email address, tabmun@aol.com, to Mr. Abbey's school email address. *Id.*

12. On December 1, 2005, at 8:24 a.m., plaintiff sent an email to Mr. Abbey, stating:

> No complaints! Just wanted you to know that nothing that I say or do is crazy/stalker type of stuff, its [sic] is just bizarre, bec. in 13 years I've never had such a strong attraction to someone - its [sic] just a physical thing. I cant [sic] explain it.
> And by the way, can you read? I was asking if you were interested in my cell phone # you ninny! Look forward to seeing you tomorrow. Too bad you cant [sic] call to chat with me tonight between 6–7:30, anyway I'll be home in bed, by myself, with my headache.
> Hope to hear from you soon.

Shrewsberry Decl., Ex. K. Plaintiff sent the email from her personal email address to Mr. Abbey's school email address. *Id.*

13. On December 1, 2005, at 12:59 p.m., under the subject heading, "no response?", plaintiff sent an email to Mr. Abbey, stating:

> So, you didn't respond good or bad. Thats [sic] fine. Just delete all of my email, I just had to get it out there and off of my chest. Sorry if it was offensive, from this point on I will not email, call or talk about anything outside of work - it's all good. :)
> Im [sic] not angry, just letting ya know, its buried so you don't need to be concerned. Thanks

Shrewsberry Decl., Ex. L. Plaintiff sent the email from her personal email address to Mr. Abbey's school email address. *Id.*

14. On December 6, 2005, Mr. Abbey gave copies of plaintiff's emails to Principal Connors. Shrewsberry Decl., Ex. M.

15. On or about December 13, 2005, plaintiff and Mr. Abbey had two verbal exchanges in the hallway of the middle school, and after the second plaintiff became very upset, cried and stayed in the ladies' room of the faculty lounge for at least thirty to forty minutes. Shrewsberry Decl., Ex. C at 187-92. This was witnessed by teachers and administrators in the middle school. *Id.*

16. In December 2005, plaintiff asked Mr. Abbey how much notice a teacher is required to give if the teacher intends to resign from the school district. *Id.* at 194-95, 221-22.

17. On or about December 22, 2005, Principal Connors received a phone call from the parent of one of plaintiff's students, indicating that her child had reported to her that plaintiff had told her students, *inter alia*, that she was engaged in a controversy with a social studies teacher over a school project, and that this teacher and Mr. Abbey had made her cry. Shrewsberry Decl., Ex. G at 62-65; Ex. M. The parent also told Principal Connors that her child had reported to her that plaintiff had told her students that she was looking for another job, in Goshen, New York. Shrewsberry Decl., Ex. G at 62; Ex. M.

18. On or about December 22, 2005, based on the recent events involving plaintiff, Principal Connors asked plaintiff to participate in a meeting with herself, school psychologist Maryann Martinez, union representative Wayne Bardua and high school principal Lou Trombetta. Shrewsberry Decl., Ex. G at 66-67; Ex. M. At that meeting, Principal Connors asked plaintiff about the aforementioned emails. Shrewsberry Decl., Ex. G at 68; Ex. M. Also at that meeting, plaintiff for the first time informed someone in authority within the school district of allegations of sexual harassment by Mr. Abbey. Shrewsberry Decl., Ex. C at 228.

19. On January 12, 2006, following the return from winter recess, the school district commenced an impartial investigation of plaintiff's claims. A total of eight witnesses were interviewed, including the plaintiff and Mr. Abbey. Shrewsberry Decl., Ex. N.

20. On or about January 25, 2006, a report was issued setting forth the recommendation that plaintiff's claim be denied as lacking merit, and that the board of education consider making a finding that the complaint was filed in bad faith. *Id.*

21. In March 2006, Superintendent Arbolino recommended plaintiff's termination to the board of education. Shrewsberry Decl., Ex. O.

22. In late April 2006, the board of education terminated plaintiff's employment with the school district. Shrewsberry Decl., Ex. C at 262.

Dated: Hawthorne, New York
March 5, 2007

TRAUB EGLIN LIEBERMAN STRAUS LLP

By: _____
Lisa L. Shrewsberry (LS1597)
Daniel G. Ecker (DE2017)
Attorneys for Defendants
Phillip Arbolino, Keith Abbey,
and Highland Falls-Montgomery
Central School District
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

TO: Michael H. Sussman, Esq.
Law Offices of Michael H. Sussman
Attorneys for Plaintiff
PO Box 1005
Goshen, New York 10924

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK              )
                                              ss.:
COUNTY OF WESTCHESTER  )

CHRISTINA GOLINO, being duly sworn, deposes and says:

That deponent is not a party to the within action and is over 18 years of age.

That on the 5th day of March 2007, deponent served the within **Defendants' Statement of Undisputed Fact Pursuant to Local Civil Rule 56.1,** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **Electronic Case Filing System**.

TO:   Michael H. Sussman, Esq.
        Law Offices of Michael Sussman
        Attorney for Plaintiff
        PO Box 1005
        Goshen, New York 10924
        (845) 294-3991

_____
CHRISTINA GOLINO

Sworn to before me this
5th day of March 2007.

_____
Notary Public

CHRISTOPHER RUSSO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02RU6128715
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES JUNE 13, 20 09